# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT D. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV874 HEA |
| | ) | |
| MARY THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. Upon review of the complaint, the Court finds that subject matter jurisdiction is lacking. As a result, the Court will dismiss this action.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that a court must dismiss an action "at any time" if it determines that "it lacks subject matter jurisdiction." "[J]urisdiction is a threshold question, [and] judicial economy demands that the issue be decided at the outset [of the case]." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States,* 534 F.3d 958, 962 (8th Cir.

2008) (quotation and citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." *Osborn*, 918 F.2d at 729.

Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff alleges that the mother of his child took his child from Missouri to Illinois when the child was an infant. Plaintiff claims that the child's mother obtained an order of protection against him from an Illinois family court. Plaintiff claims that the child's mother obtained other judgments against him in Illinois family court as well. Named as defendants are Mary Thomas, the child's mother, Amy Sample-Probst, the mother's lawyer in family court, and Laninya Cason, an Associate Circuit Court Judge. Plaintiff seeks relief from the decisions of the Illinois courts.

This Court lacks jurisdiction to hear cases where the "subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994); *Tufano v. Alpert*, 968 F. Supp. 112, 113 (E.D.N.Y. 1997) (court lacked subject matter jurisdiction over case brought under 42 U.S.C. § 1983 where litigant sought relief from decision of state family court). As a result, the Court must dismiss this action under Rule 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of next friend is **DENIED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th Day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE